GEORGE A. JOSLIN *vs.* ELBRIDGE A. RHODES.

ELBRIDGE A. RHODES *vs.* GEORGE A. JOSLIN.

ELBRIDGE A. RHODES *vs.* GEORGE A. JOSLIN.

GEORGE A. JOSLIN *vs.* ELBRIDGE A. RHODES.

NOVEMBER 27, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Contracts. Demand. Interest.*

Where the amount claimed was not stated when demand for payment was made, this does not bar the right to recover interest from the time demand was made, where refusal to pay was on the ground that the contract was not completed.

*(2) Witnesses. Evidence. Argument to Jury.*

Where the party who had done the work which was in dispute, had been summoned by plaintiff but not called as a witness, in the absence of some apparent reason, the failure of the party who had summoned him to testify as to a question of fact, to call him as a witness, he being the only one apparently having an exact knowledge of the facts, was properly subject to fair comment by counsel.

*(3) New Trial. Newly Discovered Evidence.*

Where the newly discovered evidence, as an admission against interest, was admissible as direct proof of the issue and not additional to other admissions already testified to, it warrants the re-submission of the propriety of the verdict to the trial justice; the hearing to be confined to the evidence and affidavits already in the case unless the trial court in its discretion may require other affidavits.

Assumpsit. Heard on exceptions and also on petitions for leave to prosecute motions for new trials on the ground of newly discovered evidence. Exceptions overruled. Petitions granted.

Stearns, J. These actions by agreement were tried together and resulted in each case in a verdict in favor of Joslin. The trial justice denied the motions for new trials made by Rhodes. The cases are now in this court on bills of exceptions and also on petitions of Rhodes for leave to file and prosecute in the Superior Court motions for new trials on the ground of newly discovered evidence.

Rhodes owned two wood lots in different parts of the town of Burrillville. His claim is that Joslin agreed to saw the lumber on both lots for two dollars and fifty cents per thousand feet; that after Joslin has sawed the lumber on the larger lot, he refused to saw the lumber on the other lot unless Rhodes would agree to pay him at a higher rate for this work; he admits a balance was due to Joslin for work done on the larger lot, but claims the amount of the damages for the breach of the contract arising from the refusal to saw the lumber on the smaller lot was in excess of the amount of such balance and to recover for this loss Rhodes brings his action. Joslin denies that he made any agreement in regard to the smaller lot and the question thus raised is the principal issue in the two actions. Joslin sues for a balance due on book account.

As neither the amount of the lumber sawed on the large lot nor the price to be paid therefor was in dispute, Joslin, if he had completed his contract, was entitled to the balance (1) due with interest from the time demand was made for payment. The jury was so instructed, and the question whether a demand for payment was made was left to the jury who found in favor of Joslin. If, as claimed by Rhodes, Joslin did not state the amount he demanded, this does not bar the right to recover interest from the time demand was made. The refusal to pay was made not because of lack of

information as to the amount of the claim but because
Joslin had not completed his contract. The exception on
this point is overruled.

To prove the damages for failure to saw the lumber on
the smaller lot, Rhodes gave his estimate of the amount
thereon. This lumber was later sawed by John F. Steere.
At the trial Steere, although he had been summoned as a
witness by Rhodes, was not called upon by him to testify.
Rhodes' estimate of the amount of lumber was questioned
by Joslin, who, in presenting his case, called Steere as a
witness. Steere testified as to the amount sawed by him
in his mill. After cross-examination by counsel for Rhodes,
the witness in redirect examination was asked by counsel for
Joslin if he had not been summoned as a witness by Rhodes
and if he had not been present in court during the trial.
These questions were answered in the affirmative and no
objection at the time was made thereto.

Counsel for Rhodes in the bill of exceptions, in an
affidavit made by him, which was incorporated in the bill of
exceptions and allowed by the trial justice, states that
counsel for Joslin argued to the jury that greater importance
should be attached to the testimony of Steere because of
the fact that he had been summoned by Rhodes. What
counsel said in his argument does not otherwise appear, as
there is no record in reference thereto in the transcript.

In the circumstances the argument objected to was not
improper. Steere testified that he had kept a record in his
books of the amount of lumber sawed which, as he testified
was considerably less than the amount claimed by Rhodes
as a basis for damages. If the witness was honest, his testi-
mony was the best evidence on this point. In the absence
of some apparent reason, the failure of the party who had
summoned him as a witness to testify as to a question of
fact, not of opinion, naturally tended to create a suspicion
in regard to the accuracy or the honesty of the estimate of
Rhodes as to the amount of the damages he suffered. As
there is no suggestion in the record of any reason to discredit

(2) the witness or his testimony the argument of counsel to which objection is taken, was legitimate and the exception thus raised is overruled. It is true that by summoning this witness Rhodes did not thereby vouch either for the character of the witness or his testimony; but he had selected him to do this work and he was the only person who, so far as appears, had an exact knowledge of the facts. Such testimony being available and, as the burden of proof was on Rhodes, his failure to offer the testimony was properly subject to fair comment.

In support of the petitions for leave to file motions for new trials in the Superior Court, the affidavit of one Mrs. Sweet is presented. Mrs. Sweet now lives in Masasachusetts. In 1917, at the time when this controversy arose, she lived with her husband, who is now deceased, in Burrillville near Joslin. In her affidavit she states that she was present on several occasions when Joslin came to see her husband and that she heard Joslin more than once state that his contract with Rhodes was to saw the timber on both lots and that he began on the larger lot by consent of Rhodes and for his own convenience. Joslin in a counter affidavit denies ever having made any such admissions.

The evidence of Mrs. Sweet, if true, is material and has a direct relation to the merits of the case. At the trial the proof of the terms of the contract consisted of the testimony of Rhodes and his son on one side and Joslin on the other — all interested witnesses. The testimony now (3) presented although directed to the same issue, is a different kind of evidence. As an admission against interest made by one of the parties it is substantive evidence admissible not simply to impeach the veracity of the party but as direct proof of the issue. It is not an admission additional to other admissions already testified to, in which case it would be cumulative testimony. It is new evidence. Even if it were considered to be cumulative evidence, that fact in itself would not be decisive on the question of the right to a new trial. *Zoglio v. T. W. Waterman Co.*

39 R. I. 396. The decision of the trial justice on the motion for new trials was based on his estimate of the veracity of the plaintiff and defendant. What weight, if any, the trial justice may attach to the affidavit of Mrs. Sweet is for such justice to determine, and we mean to express no opinion on this question. We think, however, that the new evidence is of such a nature as to warrant a re-submission of the question of the propriety of the verdict to the judgment of the trial justice and therefore the petitions to file motions for new trials on the ground of newly discovered evidence in the Superior Court are granted. Such motions shall be filed within ten days of the filing of this opinion and shall be confined to the evidence and affidavits now in the case, unless the trial justice in his discretion may require or receive other affidavits.

All the exceptions are overruled. The cases are remitted to the Superior Court for further proceedings.

*Cooney & Cooney, for* Joslin.

*James H. Rickard, for* Rhodes.